# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BRIAN R. KYSER, | CASE NO. 4:18-CV-01040 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | Magistrate Judge David A. Ruiz |
| COMMISSIONER OF SOCIAL SECURITY, | **MEMORANDUM OPINION** |
| Defendant. | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge David A. Ruiz. The Report and Recommendation (ECF #14), issued on July 9, 2019 is hereby ADOPTED by this Court. Plaintiff, Brian R. Kyser (hereinafter "Plaintiff"), challenged the final decision of Defendant, Commissioner of Social Security (hereinafter "Commissioner"), denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq. ("Act"). Magistrate Judge David A. Ruiz found that the ALJ's decision was supported by substantial evidence and applied the appropriate legal standards. Mr. Kyser timely filed his objections to the Magistrate Judge's Report and Recommendation. (ECF #15).

The Court reviewed *de novo* those portions of the Magistrate Judge's Report and Recommendation to which objections have been raised. *See* FED. R. CIV. P. 72(b). The Court finds that Plaintiff's objections raise no arguments (factual or legal) that have not been fully addressed by the Magistrate Judge's Report and Recommendations.

Mr. Kyser claimed disability based on several ailments including diabetes, alcohol-induced chronic pancreatitis, colitis, hypertension, gastroparesis, mood disorder, personality disorder, and neuropathy. Despite Mr. Kyser's long list of alleged impairments, none them meet or equal any specific impairment listed in Appendix 1 of 20 C.F.R. Part 404, Subpart P. (20 C.R.F. §§ 404.1520(d), 404.1525(d), 404.1526, 416.920(d), and 416.926).

A State Agency psychologist and a State Agency psychiatrist determined that Mr. Kyser had no understanding and memory limitations but was moderately limited in his ability to carry out detailed instructions, perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. (Tr. 257-59, 276-78). Further, both doctors found that Mr. Kyser could maintain attention and concentration to perform one to three step tasks, work in small groups or alone and respond to workplace pressures in a setting that was neither fast-paced nor unpredictable. (Tr. 258-59, 278).

Furthermore, Mr. Kyser presented multiple medical diagnoses regarding his many different ailments and the ALJ accorded these opinions proper weight in conjunction with the State evaluations. A review of the record evidence indicates that the ALJ was correct when he/she noted that no treating source opined the Plaintiff was "disabled" and unable to work.[1] The medical evidence, viewed as a whole, was varied and often inconsistent leading to the conclusion that Mr. Kyser's impairment did not rise to the level of disability. (Tr. 258-59, 278). The Court finds Magistrate Judge Ruiz's Report and Recommendation to be thorough, well-written, well-supported, and correct on this and all other issues addressed therein.

---

[1] Even if a treating source determined that Plaintiff was "disabled" and unable to work, such an opinion would not be conclusive of Plaintiff's disability status because statements from a medical source that a claimant is "disabled" or "unable to work" are not medical opinions, but rather comments on a determination reserved to the Commissioner and therefore, not entitled to controlling weight or special significance. 20 C.F.R. § 404.1527(e); S.S.R. 96-5p, 1996 WL 374183, at *1 (1996).

## Conclusion

The Magistrate Judge's Report and Recommendation fully and correctly addresses all of Mr. Kyser's claims. Mr. Kyser's objection is unwarranted. The Court, therefore, adopts the Report and Recommendation in its entirety. The Social Security Administration's final decision denying Mr. Kyser's application Supplemental Security Income is AFFIRMED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: August 30, 2019